UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHARIF KING,

                                    Plaintiff,

                    -against-                                          22-CV-2479 (LTS)

SHAROD KING,                                                         ORDER TO AMEND

                                    Defendant.

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is proceeding *pro se* and currently incarcerated at Five Points Correctional

Facility, invokes this Court's diversity jurisdiction, asserting a breach of contract claim against

Defendant Sharod King, who is incarcerated at the Vernon C. Bain Center in Bronx, New York.

By order dated April 7, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis*

("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court grants

Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

        The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480

F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks

subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any

of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572

F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*,"

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 47 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following facts are taken from the complaint. In June 2019, Plaintiff Sharif King and Defendant Sharod King entered into an agreement for the sale of a vehicle. The terms of the agreement included the following: (1) Plaintiff would sell his 1999 Prevost H3-45 coach bus to Defendant in the amount of $112,000, and (2) Defendant would deliver a check for the sale price to Plaintiff's agent in Stockbridge, Georgia.[2] After Defendant took possession of the vehicle, Plaintiff learned that the check provided to Plaintiff's agent was "wholly fabricated . . . [and] was not associated with or drawn on any bank or account." (ECF 2, at 2.)

From September 23, 2019, to May 28, 2020, "Defendant, without Plaintiff's knowledge, used the coach bus to traffic[ ] over 23 handguns, 10 high capacity magazines and hundreds of rounds of ammunition between Virginia and Queens, N.Y." (*Id.* at 3.) On July 21, 2020, officers from the New York City Police Department arrested Defendant, charged him with sale and trafficking of firearms and ammunition, and seized the coach bus. Since the arrest, "Plaintiff has been unable to take possession [of the bus] because Defendant has already registered the vehicle in the name of his co-conspirator in the crimes charged by the N.Y.P.D." (*Id.*)

Plaintiff brings a breach of contract claim and asserts that both New York and Georgia law applies. He also states that he is a resident of Georgia, as he resided in Georgia before his incarceration and plans to return to Georgia after his release. As for Defendant's residency, he

---

[2] According to records maintained by the New York State Department of Corrections and Community Supervision ("DOCCS"), DOCCS took custody of Plaintiff on December 21, 2018, before the sale of the vehicle to Defendant. *See* DOCCS, Inmate Information, Sharif King http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ3/WINQ130.

only states that the Defendant is incarcerated in the Bronx. Plaintiff sees $112,000 in compensatory damages.

## DISCUSSION

### A.      Diversity Jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.

Plaintiff invokes the Court's diversity jurisdiction but does not allege sufficient facts demonstrating that the Court has jurisdiction of his state law claims. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). An individual is a citizen of the state where he is domiciled, which is defined as the place where he "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). For an individual who is "incarcerated in a state different from his previous domicile, there is a rebuttable presumption that the prisoner retains his pre-incarceration domicile rather than acquiring a new domicile." *Liverpool v. City of New York*, No. 20-CV-4629, 2020 WL 3972737, at *3 (S.D.N.Y. July 13, 2020).

In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Although Plaintiff alleges facts suggesting that his claim meets the jurisdictional amount, he does not allege enough facts showing that the parties are diverse. Specifically, Plaintiff alleges that he is a resident of Georgia, but he does not allege any facts regarding Defendant's residence before *his* incarceration. The Court therefore grants Plaintiff leave to amend his complaint to state facts regarding Defendant's pre-incarceration domicile.

**B.     Venue**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under § 1391(c), a "natural person" resides in the district where the person is domiciled.

Plaintiff asserts that the events giving rise to his claims occurred in Stockbridge, Henry County, Georgia, where Defendant provided Plaintiff's agent with a check for payment of Plaintiff's vehicle. This District is therefore not a proper venue for this action under Section 1391(b)(1). Under that venue provision, the Northern District of Georgia appears to be a proper venue.

Venue also may not be proper in this District under Section 1391(b)(2), because it is unclear where Defendant was domiciled before his arrest. Thus, the Court advises Plaintiff that, if Plaintiff files an amended complaint and states facts suggesting that this District is not a proper venue, the Court may transfer the action to the Northern District of Georgia, a proper venue under Section 1391(b)(1).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid breach of contract claim, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-2479 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 19, 2022
       New York, New York

                         /s/ Laura Taylor Swain
                         LAURA TAYLOR SWAIN
                 Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-


_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)


**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                        (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
               (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name              Middle Initial       Last Name

_____

Street Address

_____

County, City                    State           Zip Code

_____

Telephone Number          Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                    Zip Code

Defendant 2: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                    Zip Code

Defendant 3: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                    Zip Code

Defendant 4:

_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                      State                Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical
treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.