UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHARIF KING,

                Plaintiff,

      -against-

SHAROD KING,

                Defendant.

22-CV-2479 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Sharif King, who is proceeding *pro se* and currently incarcerated at Five Points Correctional Facility, brings this action against his brother, Defendant Sharod King. He asserts a breach of contract claim and invokes the Court's diversity of citizenship jurisdiction. By order dated May 19, 2022, the Court granted Plaintiff leave to file an amended complaint to state facts showing that the parties are of diverse citizenship, and that this District is a proper venue for this action. Plaintiff appealed the May 19, 2022, order on June 2, 2022. (ECF 8.) On June 8, 2022, the Clerk's Office processed the appeal and transferred the action to the United States Court of Appeals for the Second Circuit.

      Plaintiff now submits a letter, dated June 23, 2022, and received by the Clerk's Office on July 8, 2022, asking the Court to supplement his complaint with the facts stated in his letter. He makes this request because he indicates that he cannot afford the postage necessary to mail an amended pleading. In the letter, he asserts that he and Defendant are of diverse citizenship, as his brother resided in New York before his current incarceration.[1] (ECF 9, at 2.) As set forth below, the Court indicates, under Rule 62.1 of the Federal Rules of Civil Procedure, that it would grant

---

[1] Plaintiff had indicated in his complaint that he resided in Georgia before his current incarceration.

Plaintiff's request to supplement his complaint if the Court of Appeals remands the action for this purpose.

## DISCUSSION

### A.     Jurisdiction to Rule on Plaintiff's Request

The Court first considers whether it has jurisdiction to rule on Plaintiff's request to treat his letter as a supplement to his complaint. Generally, the transfer of a case divests the transferor court, that is, *this* Court, of jurisdiction of the action. *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that district court did not have jurisdiction to rule on motion following physical transfer of case); *Lothian Cassidy, LLC, v. Lothian Exploration & Dev. II, L.P.*, 89 F. Supp. 3d 599, 600-01 (S.D.N.Y. 2015).

Here, the Clerk's Office transferred this action to the Court of Appeals on June 8, 2022. Following this transfer, Plaintiff, filed his letter requesting to supplement his complaint, providing a June 23, 2022, date of signing. Thus, even treating Plaintiff's letter as filed on June 23, 2022, under the so-called "prison mailbox rule,"[2] the Court of Appeals has had jurisdiction of this action since June 8, 2022, and therefore, the Court cannot rule on Plaintiff's request to supplement.

### B.     Rule 62.1 of the Federal Rules of Civil Procedure

Under Fed. R. Civ. P. 62.1, if a party submits a motion that a "court lacks authority to grant because of an appeal that has been docketed and is pending," the court "may state . . . that it would grant the motion if the court of appeals remands for that purpose[.]" *Id.* This Court lacks

---

[2] Under the prison mailbox rule, a prisoner's document is deemed filed on the date that he gives it to prison officials for mailing. *Noble v. Kelly*, 246 F.3d 93, 97-98 (2d Cir. 2001). "[I]n the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing." *Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006).

the authority to rule on Plaintiff's request to supplement his complaint with the facts stated in his June 23, 2022, letter because his appeal has been docketed and is pending in the Court of Appeals. *Id.* The Court, however, *would* grant Plaintiff's request to supplement his complaint if the Court of Appeals remands the action for this purpose.

## CONCLUSION

The Court indicates, under Rule. 62.1(a)(3), that it would grant Plaintiff's request to supplement his complaint with his June 23, 2022, letter if the United States Court of Appeals for the Second Circuit remands the action for this purpose.

Plaintiff is directed to inform the Court of Appeals of this order, pursuant to Fed. R. App. P. 12.1; *see* Fed. R. Civ. P. 62.1(b).

The Clerk of Court is directed to deliver a copy of this order to the Clerk of the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   September 19, 2022
         New York, New York

                                                    /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    Chief United States District Judge