```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
SHARIF KING,                                                     :
                                                                 :
                              Plaintiff,                         :
                                                                 :          22-cv-2479 (LJL)
              -v-                                                :
                                                                 :          MEMORANDUM AND
SHAROD KING,                                                     :          ORDER
                                                                 :
                              Defendant.                         :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/21/2020

LEWIS J. LIMAN, United States District Judge:

The complaint in this case, which alleged a claim for breach of contract, was filed on March 25, 2022. The docket does not contain a certificate of service and Defendant has not appeared. The Court issued an order on July 1, 2024, noting that Plaintiff's last filing was in July of 2022, and notifying Plaintiff that the Court would dismiss the case for failure to prosecute unless Plaintiff filed a letter by September 29, 2024, explaining why the Court should not do so. Plaintiff did not file a letter.

Federal Rule of Civil Procedure 41 "permits the Court to dismiss an action *sua sponte* for failure to prosecute . . . or failure to comply with an order of the Court." *Edwards v. Horn*, 2012 WL 1292672, at *1 (S.D.N.Y. Apr. 13, 2012), *report and recommendation adopted*, 2012 WL 1592196 (S.D.N.Y. May 4, 2012); Fed R. Civ. P. 41; *see LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute[.]"). "Dismissal for lack of prosecution or for failure to comply with an order of the court is a matter committed to the discretion of the district court." *Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)).

In this Circuit, a court must consider five factors when determining whether dismissal for failure to prosecute is appropriate: whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions. *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009).

Dismissal of this case for failure to prosecute is appropriate under these factors. Plaintiff has not made service on Defendant within 90 days, as is required by Federal Rule of Civil Procedure 4(m). Because Plaintiff is proceeding pro se, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See* Dkt. No. 13. The Marshals attempted to make service on Defendant on June 1, 2023, but he could not be served at the address provided by Plaintiff. Dkt. No. 16. That was over one year ago, and it has been over two years since the complaint was filed. Plaintiff has made no apparent efforts to serve Defendant since before June 2023 or to provide an address at which Defendant could be served. "There is no fixed period of time that must elapse before a plaintiff's failure to prosecute becomes substantial enough to warrant dismissal," *Caussade*, 293 F.R.D. at 629 (citation omitted), but "[d]elays of several months" have been found sufficient, *id*. (collecting cases). Plaintiff was given notice by the Court's order of July 1, 2024, that the case would be dismissed for failure to prosecute if he did not file a letter by September 29, 2024. He did not do so.

Although there is no specific evidence on the record that delay will prejudice Defendant, "[p]rejudice to defendants resulting from unreasonable delay may be presumed." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). The Court has "already given [Plaintiff]

2

an opportunity to proceed with this action so that it would be decided on the merits." *Edwards*, 2012 WL 1292672, at *2 (quoting *Koch v. Rodenstock*, 2010 WL 2010892, at *7 (S.D.N.Y. Apr. 23, 2010), *report and recommendation adopted*, 2010 WL 2010900 (S.D.N.Y. May 18, 2010). Plaintiff has not provided an address for Defendant to be served, nor has he updated his own address with the Court. The most recent mail sent to Plaintiff's address of record, in March 2023, was returned undeliverable. Dkt. No. 15. Given that Plaintiff cannot be contacted by the Court and has not taken steps to prosecute his case in over a year, a lesser sanction than dismissal would not have any effect.

For the foregoing reasons, the case is dismissed for failure to prosecute. The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: October 21, 2024
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge